

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,437-01

### EX PARTE MARK ALLEN GREEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C34,826 IN THE COUNTY COURT AT LAW
### FROM NAVARRO COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual abuse of a child and sentenced to fifty years' imprisonment. The Tenth Court of Appeals affirmed his conviction. *Green v. State*, No. 10-13-00131-CR (Tex. App.—Waco Jun. 26, 2014) (not designated for publication).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel did not timely notify Applicant that his pro se motions for rehearing had been denied. Alternatively, Applicant argues that he is entitled to the opportunity to file an out-of-time petition for discretionary

review due to a breakdown in the system. *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006).

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. Pursuant to *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel on appeal. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's appellate counsel timely informed Applicant that motions for rehearing were denied. The trial court shall also make specific findings addressing Applicant's claim that a breakdown in the system prevented him from pursuing discretionary review. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 29, 2017
Do not publish